Thomas I. Rozsa (SBN 080615)
ROZSA LAW GROUP LC
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992
email: tom@rozsalaw.com

Attorney for Plaintiff
M.D. Manufacturing, Inc.

Richard E. Fee (*PRO HAC VICE*)
Email:   rfee@feejeffries.com
Fee & Jeffries, P.A.
1227 North Franklin Street
Tampa, Florida 33602
Telephone: (813) 229-8008
Facsimile: (813) 229-0046

Jeffrey M. Ratinoff (SBN 197241)
Email:   jratinoff@mintz.com
Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo, P.C.
5 Palo Alto Square, 6th Floor
3000 El Camino Real
Palo Alto, California 94306-2155
Telephone (650) 251-7700
Facsimile (650) 251-7739

Attorneys for Defendants, Think Vacuums, Inc.,
Gator Vacuum & Sewing Company, Inc.
and Robert Buckwald

1

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| M.D. Manufacturing, Inc., a California corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>Think Vacuums, Inc., a Florida corporation; Gator Vacuum & Sewing Company, Inc., a Florida corporation; Robert Buckwald, an individual; ThinkVacuums.com, a Florida business entity; Distinctive Vacuums & Appliances Inc., a Florida corporation; Todd Saieva, an individual; Central Vacuum Planet, Inc., a Florida corporation; CentralVacuumPlanet.com, a Florida business entity; Brook Elia, an individual;   Michael March, an individual; Tammy Elia, an individual; Matt Carter, an individual; and DOES 1-10, Inclusive,<br><br>          Defendants. | Case No.: CV09-02770 DSF (JCx)<br><br>MODIFIED<br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

The Court, having been advised that the Plaintiff M.D. Manufacturing, Inc. and Defendants Think Vacuums, Inc., Gator Vacuum & Sewing Company, Inc. and Robert Buckwald (hereafter jointly the "Parties") agree that the discovery and pretrial phase of this action may involve disclosure of trade secrets and other confidential and proprietary technical, marketing, business and corporate information that the Parties may wish to designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" for the purpose of this action, hereby enters the following:

## ORDER

### 1.    Proceedings and Information Governed

This Order and any amendments or modifications to it (hereafter the "PROTECTIVE ORDER") shall govern any document, information or other thing furnished by any party, including third parties, to any other party to this lawsuit in connection with the discovery and pretrial phase of this action.   The information protected includes, but is not limited to, documents produced in this action, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and all copies, extracts, summaries, compilations, designations and portions thereof.

1  This PROTECTIVE ORDER does not govern proceedings during trial nor does
2
3  it prohibit either party from seeking a protective order to govern proceedings
4  during trial.

5
6  2.   **Definitions**

7       (a)   "CONFIDENTIAL" shall mean any information produced in this
8  action that the PRODUCING PARTY reasonably believes to be, reflect, or
9
10  reveal a trade secret or other confidential research, development, or commercial
11  information that is not publicly available or known, including appropriate
12  diagnostic, technical and maintenance materials.

13
14       (b)   "CONFIDENTIAL ATTORNEYS' EYES ONLY" including
15  "CONFIDENTIAL OUTSIDE COUNSEL ONLY" shall mean
16  CONFIDENTIAL information that the PRODUCING PARTY deems especially
17
18  sensitive.   The designation "CONFIDENTIAL ATTORNEYS' EYES ONLY"
19  may be used only for highly confidential and extremely sensitive marketing or
20  business information such as names of customers, names of suppliers, customer
21
22  development information, contacts between a party and that party's customers,
23  business leads, costs of goods purchased, sales prices for goods sold, and profits
24  generated from sales of goods.

25
26       (c)   "ATTORNEYS" shall include the clerical and paralegal support

27                                 4
                    STIPULATED PROTECTIVE ORDER
28

personnel who are employed by the ATTORNEYS.   Inside legal counsel shall be permitted to see information designated for "ATTORNEYS" including "OUTSIDE COUNSEL" provided that Inside Legal Counsel does not show such information to Inside Legal Counsel's employer or any of the employees of Inside Legal Counsel's employer and Inside Legal Counsel shall retain such information in confidence and in a secure manner and treat such information as though he/she were OUTSIDE COUNSEL.

(d)   "OUTSIDE EXPERT" shall mean any person not otherwise employed by the RECEIVING PARTY, either as an employee or consultant, who is not employed in a business that competes with any party to this action, and who has been APPROVED to receive the PRODUCING PARTY'S CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information.   OUTSIDE EXPERTS shall be limited to such persons as, in the judgment of the retaining party's ATTORNEYS, are reasonably necessary for the development and presentation of that party's case.

(e)   "APPROVED" shall mean that the procedure described in Section 3 below has been complied with.

(f)   "RECEIVING PARTY" shall mean the party (including its employees and agents) who is or will be receiving documents or information

from another party.

(g)   "PRODUCING PARTY" shall mean the party (including its employees and agents) who is or will be producing documents or information to another party.

3.   **Procedure for Approvals**

(a)   All notices and information required by this paragraph shall be served on counsel of record for the other parties by facsimile, mail or hand delivery.

(b)   No Party shall be required to disclose expert witnesses to the other Party prior to the time for disclosure under the Federal Rules of Civil Procedure or scheduling order.

(c)   Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information produced by an adverse party to a party's proposed OUTSIDE EXPERT, the RECEIVING PARTY shall require the expert to sign a Confidentiality Agreement in the form attached as Exhibit "A" and shall provide to the PRODUCING PARTY a signed Confidentiality Agreement, the resume or curriculum vitae of the proposed OUTSIDE EXPERT, the OUTSIDE EXPERT'S business affiliation, and any current and past consulting relationships in the industry.   The PRODUCING PARTY shall

thereafter have ten (10) business days from receipt of the Confidentiality

Agreement to object to any proposed OUTSIDE EXPERT.   Such objection

must be made for good cause and in writing, stating with particularity the

reasons for the objection.   Failure to object within ten (10) business days shall

constitute approval.   If the parties are unable to resolve any objection, the

RECEIVING PARTY may apply to the Court to resolve the matter.   There shall

be no disclosure to any proposed OUTSIDE EXPERT during the ten (10)

business day objection period, unless that period is waived by the PRODUCING

PARTY, or if any objection is made, until the parties have resolved the

objection, or the Court has ruled upon any resultant motion;

**4.      Designation of Information**

(a)      Documents and things produced by a party during the course of this

litigation, or responses to written discovery requests, shall be designated by the

PRODUCING PARTY as containing CONFIDENTIAL information by placing

on the first page and on each thing containing such information a legend

substantially as follows:

**"CONFIDENTIAL"**

(b)      Documents and things produced by a party during the course of this

litigation, or responses to written discovery requests, shall be designated by the

7<br>STIPULATED PROTECTIVE ORDER

PRODUCING PARTY as containing CONFIDENTIAL ATTORNEYS' EYES ONLY information by placing on the first page or thing containing such information a legend substantially as follows:

**"CONFIDENTIAL ATTORNEYS EYES ONLY"**

or **"CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

     (c)    During discovery, a PRODUCING PARTY shall have the option to require that all or certain batches of documents and things be treated   as containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information during inspections and to   make its designations by marking the particular documents and   things with the appropriate legend at the time copies of documents   and things are produced.

     (d)    A party may designate information disclosed at a deposition as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by requesting the reporter to so designate the transcript, or   the appropriate portions thereof, at the time of the deposition.

     (e)    Any party invoking CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY protection during a deposition may exclude from the room any person who is not entitled to receive information designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY,

8

STIPULATED PROTECTIVE ORDER

provided, however, that this paragraph is without prejudice to a party's right to resume a deposition or recover costs and attorneys' fees arising out of improper exclusion of a person from a deposition as a result of improper designation of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, unless the Court determines that the exclusion was reasonable and made in good faith.

(f)     A PRODUCING PARTY shall designate its discovery responses, responses to requests for admissions, briefs, memoranda, and all other papers filed or lodged with the Court and/or served on opposing counsel, as containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information when such papers are filed, lodged, and/or served. Any document containing CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information that is filed or lodged with the Court shall conform with Section 6.

(g)     A party shall designate information disclosed at a hearing as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY by requesting the Court, at the time the information is proffered or adduced, to designate the transcript appropriately and to clear the courtroom of any person not authorized to view or hear the information, or, in the alternative, to receive

9
STIPULATED PROTECTIVE ORDER

the information **in camera**.   At least 10 days before any such hearing, the parties will confer regarding any alternative or additional procedures that would allow for an efficient presentation of evidence without compromising any CONFIDENTIAL information.

(h)     The parties shall use reasonable care to avoid designating as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY any information which is not entitled to such designation or which is generally available to the public.

5.     **Disclosure, Use and Handling of Confidential Information**

(a)     Information disclosed by a PRODUCING PARTY to a RECEIVING PARTY, including CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information, may be used only for the purposes of this lawsuit and for no other purpose.

(b)     CONFIDENTIAL ATTORNEYS' EYES ONLY information may be disclosed by the RECEIVING PARTY only to: the parties' ATTORNEYS including Inside Legal Counsel pursuant to the provisions of Section 2(c); OUTSIDE EXPERTS; any person a document identifies as an author or recipient of the document; court reporters; the Court; and such other persons as

may be designated by written agreement of all parties (or on the record in a deposition or hearing) or by further order of the Court permitting such disclosure.

(c)     CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information shall be used by persons to whom it is disclosed only for purposes of preparation for trial, trial of this action, or any appellate proceedings in this action, and for no other purpose, unless agreed to in writing by the PRODUCING PARTY or as authorized by an order of the Court. No person who receives information protected by this PROTECTIVE ORDER shall disclose it to any person not entitled under this PROTECTIVE ORDER to receive it.

(d)     The restriction on the use of information protected by this PROTECTIVE ORDER is applicable only to the use by a party of information received from an adverse party or a third party. A party is free to exercise its full rights with respect to documents, information and other things it produces.

(e)     In the event that a RECEIVING PARTY's briefs, memoranda, discovery requests, requests for admissions or other papers of any kind which are served and/or filed include another party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, the papers shall

be appropriately designated pursuant to section 4 and shall be treated accordingly.

(f)     The restrictions on the disclosure, use or handling of information contained in this PROTECTIVE ORDER shall not apply, and requests to change confidentiality designations shall be granted, if the information meets any one or more of the following criteria:

(1)     the information in question is generally and readily accessible to the public through means that are not a violation of this PROTECTIVE ORDER; or

(2)     the information was lawfully in the possession of the RECEIVING PARTY prior to its receipt from the PRODUCING PARTY and/or is subject to a specific license or other specific agreement permitting disclosure; or

(3)     if the PRODUCING PARTY stipulates that the information may be disclosed to a third party without any obligation of confidentiality pursuant to the terms of this PROTECTIVE ORDER.

6.   **Filing or Lodging Documents With the Court**

Any documents (sought) to be filed under seal shall be filed in accordance with

12
STIPULATED PROTECTIVE ORDER

Local Rule 79-5.1, *and in accordance with Paragraph 6 of the Standing Order for Cases Assigned to Judge Dale S. Fischer.*

7.  **Inadvertent Failure to Designate**

(a)   In the event that a PRODUCING PARTY inadvertently fails to designate its information, including testimony at a deposition,   pursuant to Section 4, it may later designate by notifying the RECEIVING PARTY in writing and sending a copy of the documents, information, or things with the appropriate legend.   The RECEIVING PARTY shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)   No person or party shall incur any liability hereunder with respect to any disclosure that occurred prior to receipt of written notice of a belated designation. Section 8 of this PROTECTIVE ORDER shall have no application with respect to disclosures that occurred prior to receipt of written notice of a belated designation.

8.  **Challenge to Designations**

(a)   A RECEIVING PARTY may challenge a PRODUCING PARTY's designation within thirty (30) days after receiving notice of the designation from the PRODUCING PARTY.   Failure of either party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent

///

13
STIPULATED PROTECTIVE ORDER

time that the designated information or material is not in fact confidential or that the designation is not appropriate for any reason.

(b)     Any RECEIVING PARTY disagreeing with the designation of any information received from the PRODUCING PARTY as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, and desiring disclosure or partial disclosure of that material other than is permitted in this PROTECTIVE ORDER, may request in writing that the PRODUCING PARTY change the designation.   The PRODUCING PARTY shall then have five (5) court days from the date of receipt of the notification to:

(1)     advise the RECEIVING PARTY whether or not it will change the designation; and

(2)     advise the RECEIVING PARTY, if it will not change the designation, of the reasons supporting its refusal.

9.     **Inadvertent Disclosure**

(a)     In the event of an inadvertent disclosure of another party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information, the party making the inadvertent disclosure shall, upon learning of the disclosure:

(1)     promptly notify the person to whom the disclosure was made

14
STIPULATED PROTECTIVE ORDER

that it contains CONFIDENTIAL or CONFIDENTIAL

ATTORNEYS' EYES ONLY information subject to this

PROTECTIVE ORDER;

(2)   promptly make all reasonable efforts to obtain the return of,

and preclude dissemination or use of, the CONFIDENTIAL

or CONFIDENTIAL ATTORNEYS' EYES ONLY

information by the person to whom disclosure was

inadvertently made; and

(3)   within five (5) court days, notify the PRODUCING PARTY

of the identity of the person to whom the disclosure was

made, the circumstances surrounding the disclosure, and the

steps taken to ensure against dissemination or use of the

information by the person to whom the disclosure was

inadvertently made.

**10.   Non-Party Information**

Discovery in this proceeding of a non-party may involve disclosure of its

CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES' ONLY

information, which, if designated pursuant to section 4, shall be subject to the

provisions of this PROTECTIVE ORDER and provide the non-party with all of

the rights and obligations of a party to this PROTECTIVE ORDER. *if such non-party so agrees in writing*.

## 11.   Subpoenas

(a)     In the event any person or party having possession, custody or control of any information covered by this PROTECTIVE ORDER *(who is bound by this Protective order)* receives a subpoena or other process or order to produce such information, that person or party shall promptly:

(1)     notify in writing the attorneys of record of the party claiming confidential treatment of the item, document or information sought by such subpoena or other process or order;

(2)     furnish those attorneys of record with a copy of said subpoena or other process or order; and

(3)     provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought by the party whose interests may be affected.

(b)     If a party seeking protection of subpoenaed information makes a motion to quash or modify the subpoena, process or order, within ten (10) days of receipt of notice pursuant to subparagraph 11(a)(1), there shall be no disclosure pursuant to the subpoena, process or order until the Court has ruled upon the motion, and then only in accordance with the ruling so made, *unless the law or court order otherwise requires. Nothing in this Protective Order should be construed to require or to permit a party to refrain from complying with its legal obligations or court orders relative to subpoenas.*

(c)   If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

## 12.   **Modification**

(a)   Nothing herein shall restrict the power of the Court to modify this PROTECTIVE ORDER or any term hereof for good cause shown, including modification to afford greater or lesser restrictions on disclosure for particular information, if circumstances indicate that greater or lesser restrictions on disclosure are appropriate.

(b)   Nothing herein shall preclude any party from moving the Court to modify the terms of this PROTECTIVE ORDER or the designation of any particular information, document or thing.

## 13.   **No Waiver**

Neither the taking of, nor the failure to take, any action to enforce the provisions of this PROTECTIVE ORDER, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief other than as specified herein of any claim or defense in this action or any other action. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other

than those related to trade secrets or proprietary information, nor shall it relieve a party of the necessity of proper response to discovery devices.

**14.**   **No Probative Value**

(a)   This PROTECTIVE ORDER shall not abrogate, diminish, or enhance any contractual, statutory or other legal obligation or right of any party or person with respect to any information protected by this PROTECTIVE ORDER except as specifically provided herein.

(b)   ~~The~~ The parties agree not to agree that the fact that information is designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under this PROTECTIVE ORDER ~~shall have no~~ (has) probative value (if or) when a trier of fact is required to determine whether certain information is confidential or proprietary.

(c)   This PROTECTIVE ORDER shall be without prejudice to the right of any party to bring before the Court the question of:

>   (1)   whether any particular information or material is or is not confidential;

>   (2)   whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(3)     whether any particular information is or is not relevant to any

issue of this case.

(d)     The fact that any information is disclosed, used or produced in

discovery or trial herein shall not be construed as consent to its admissibility in

this litigation, or to its use, in any action or proceeding before any court, agency

or tribunal, and ~~is not~~ [the parties agree not to argue that such disclosure was or production is] relevant to the question of whether such information is

confidential or proprietary.

## 15.   Conclusion of Litigation

(a)     Except as provided herein, if requested by the PRODUCING

PARTY, within sixty (60) days of the conclusion of this action each party or

other person subject to the terms hereof shall be under an obligation to return to

the PRODUCING PARTY all materials and documents containing

CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY

information or alternatively destroy those documents and provide evidence of

their destruction to the PRODUCING PARTY, and retaining no copies, and to

confirm such in writing to the PRODUCING PARTY. Such actions shall not

relieve said parties or persons from any of the continuing obligations imposed

upon them by this PROTECTIVE ORDER. The Court and its personnel are not persons subject to the terms of this Protective Order.

(b)     After this action concludes, ATTORNEYS for each party may retain a record including the following, irrespective of whether or not a party's CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information is included: its correspondence files for this case, its pleadings files (including all briefs, memoranda, affidavits, exhibits and all papers served by one party on another), and any briefs and appendix on appeal, all trial transcripts and exhibits, all deposition transcripts, all hearing transcripts, all legal memoranda, and all attorneys' notes.

(c)     The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this PROTECTIVE ORDER as the Court may from time to time deem appropriate. The provisions of this PROTECTIVE ORDER regarding the use and/or disclosure of CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY

///

///

///

information shall survive the termination of this action, and the Court shall

retain jurisdiction with respect to this PROTECTIVE ORDER.

Respectfully submitted,

**ROZSA LAW GROUP LC**

_Thomas D. Rozsa_                           Dated: _Dec 9, 2009_
Thomas I. Rozsa
Attorney for Plaintiff
M.D. Manufacturing, Inc.

**FEE & JEFFRIES, P.A.**

/s/ Richard E. Fee      12/9/09
Richard E. Fee

Attorney for Defendants
Think Vacuums, Inc., Gator Vacuum
& Sewing Company, Inc., Robert Buckwald

As modified,
IT IS SO ORDERED.

DATED: _1/15/10_                    _Jacqueline Chooljian_
                                    Jacqueline Chooljian
                                    United States Magistrate Judge

21
STIPULATED PROTECTIVE ORDER

# EXHIBIT A

EXHIBIT "A"

AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

1.     I, _____, have been retained as an outside expert to assist legal counsel with certain material which I have been informed is highly confidential subject matter within the terms of the Protective Order issued by the United States District Court for the Central District of California, Western Division, in the above-entitled action.

2.     I have read the Protective Order dated _____ entered into in this action and I agree not to disclose to others CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information only and to discuss this only with counsel for the party by whom I have been retained and I agree not to use such CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY material for any other matter other than assisting legal counsel in the prosecution of this litigation.

3.     I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California, Western Division, for enforcement of the undertakings I have made here and I appoint the attorney by whom I have been employed in this case as my agent to receive any service or process in that connection.

Signed: _____

Subscribed and sworn to before me this _____ day of _____, 20__.

_____

Notary Public